### No. 10,788 .

### Orleans

---

### McMahon, Appellant, v. HILBERT ET AL.

---

(April 11, 1927.  Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Succession—Par. 59, 64, 65, 67.**

When a lease is made to the mother for a year, and she dies before the expiration of the lease, leaving no property of any kind, and her children inherit nothing from her, and do not otherwise accept her succession and they vacate the premises at the death of their mother they are not liable for rent.

Appeal from First City Court.  Hon. W. V. Seeber, Judge.

Action by John R. McMahon against Milton F. Hilbert et al.

Judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hubert M. Ansley, of New Orleans, attorney for plaintiff, appellant.

Jules A. Grasser, of New Orleans, attorney for defendant, appellee.

CLAIBCRNE, J.    The plaintiff claims of the defendant $209.50 rent.

He alleges that on October 1, 1925, he leased to Mrs. J. Hilbert the premises No. 237 S. Cortez street for 12 months ·commencing October 1, 1925, and ending September 30, 1926, at $40 per month, evidenced by 12 notes of $40 each; that the last five are not paid; that Mrs. J. Hilbert died on May —, 1926, leaving five children, three of whom are Milton F., Albert and Emily M., divorced wife of Gurson Levy, and the other two unknown to plaintiff; that the three children hereinabove named accepted the succession of their mother and took possession of all the property left by her, consisting of household furniture and divided the same between themselves and removed it from the leased premises and disposed of the same; that by doing so the said three children accepted the succession of their mother and became liable for her debts.

The defendants admitted that their mother died and left children as alleged; but they denied that they accepted the succession of their mother or took possession of any property left by her; they averred that the movables contained in the leased premises were not owned by the deceased; that they were in the possession of the owners thereof, and not under the control of the deceased; that their mother left no estate; that the plaintiff was apprized of the death of Mrs. Hilbert and that he agreed to let defendants remove their property out of the premises.

There was judgment in favor of defendants dismissing plaintiff's suit at his cost and he has appealed.

The evidence is that Mrs. J. Hilbert died March 25, 1926, on the leased premises, 237 S. Cortez; her daughter Emily Levy lived with her mother all her life, with the exception of four and one-half years during her marriage; there was in the house a living room, a dining room, a hall down stairs and a kitchen and two bedrooms; they were all furnished; the furniture was worth $1000, more or less; not a piece of it belonged to the mother; Mrs. Levy bought it all at. Holmes, Barnett and Werlein; she is a nurse; she bought some during her marriage, others afterwards; every bit of furniture in the houce was bought and paid for by her, and everything belonged to her, the only thing her mother owned when she died was her wedding ring; when her mother died she sold the furniture to a lady next door; she produced a certificate from Barnett's Furniture Store and one from Holmes certifying to the purchase by her of a dining room set and a phonograph.

There is no evidence to contradict the testimony of Mrs. Levy.

Considering that the plaintiff leased the premises to Mrs. Hilbert, that she died without leaving any property of any kind, and that she left therefore no succession to accept; that Mrs. Levy left the premises immediately after her mother's death, and that she paid the last month of their occupation and that the rent claimed is for a period subsequent to the mother's death and subsequent to the surrender of possession by Mrs. Levy to the plaintiff, we must affirm the judgment in favor of the defendants.